FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUHUA GUAN, | No. 18-71096 |
| Petitioner, | Agency No. A205-773-121 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner Yuhua Guan claims past persecution by virtue of a forced abortion

in China and claims a future fear of sterilization if forced to return to China

because she violated China's family planning policies and already has two

children.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Our review of the record establishes inconsistencies sufficient to support the agency's adverse credibility finding. We review for substantial evidence, and review only "those parts of the IJ's adverse credibility findings on which the BIA relied." *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). The BIA had substantial evidence to deny Guan's credibility based on inconsistencies pertaining to two key pieces of documentary evidence—an outpatient medical record and Guan's labor agreement with the hospital in which she worked. The medical record, as initially submitted, contained no biographical information pertaining to Guan whatsoever, despite the presence of blank spaces on the cover page requesting such information. By the time Guan submitted the same record a second time, the biographical information on the cover page had been filled in by hand. This substantial irregularity permitted the agency to discount the validity and probative value of the document. The labor agreement appeared to be authentic, but it conflicted with her testimony. Guan alleged that she started work in October of 2011, while the contract listed a start date in January of 2012.

Both of these material inconsistencies went to the heart of Guan's claim for asylum. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (explaining that "when an inconsistency is at the heart of the claim it doubtless is of great weight"). The medical record was the only documentary evidence that

2

Guan had undergone a forced abortion, and it appeared to be doctored. The employment contract refuted her testimony that she worked at the hospital at the time of the abortion. Since she claims to have been subjected to the forced abortion by her employer, the labor agreement directly contradicts her claims. Her explanation of these differences was deficient. The BIA's adverse credibility finding was supported by substantial evidence.

Without credible testimony, and because the documentary evidence alone does not compel the conclusion that Guan is likely to be tortured if returned to China, we also hold that the BIA had substantial evidence to deny Guan's claim for CAT relief. *See id.* at 1048–49; 8 C.F.R. § 1208.16(c)(2). We also reject Guan's final argument that a typographical error in the BIA's decision requires remand. When the decision is read in context, it is clear that the BIA agreed with the IJ's analysis and denied Guan's claims. The BIA's decision was sufficient in all respects, and remand would be futile and unnecessary.

**PETITION FOR REVIEW DENIED.**